**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor, Esq. (State Bar No. 332334)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY E. LOPEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>AFNI, INC.,<br><br>            Defendant. | Case No. 5:25-cv-01936<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227 *ET. SEQ.*;**<br><br>**2. FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *ET SEQ.***<br><br>**3. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") PURSUANT TO CAL. CIV. CODE §1788 *ET SEQ.***<br><br>**4. INVASION OF PRIVACY**<br><br>**5. TRESPASS TO CHATTELS**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes DANNY E. LOPEZ ("Plaintiff"), by and through the undersigned, complaining as to the conduct of AFNI, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Rosenthal Fair Debt Collection Practices Act

1

("RFDCPA") pursuant to Cal. Civ. Code §1788 et seq., as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC").

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a natural person, over 18 years-of-age, who at all times relevant resided in San Bernardino, California.

5. Defendant is a third party debt collector that claims to provide "a unique perspective on how to continuously drive improvement, reduce days outstanding, and improve cash flow." Defendant is a corporation organized under the laws of the state of Illinois with its principal place of business located at 1310 Martin Luther King Drive, Bloomington, IL 61701.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0188.

8. At all times relevant, Plaintiff's number ending in 0188 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

9. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

10. On July 2, 2025 Defendant began calling Plaintiff in order to collect an alleged consumer debt.

11. Upon inquiry, Plaintiff found out that Defendant has the incorrect phone number and told Defendant to stop calling as they are reaching out to the wrong person.

12. Plaintiff's requests fell on deaf ears as Defendant calls Plaintiff regarding payment multiple times daily, upwards of six times in a single day.

13. On multiple occasions, Plaintiff requested Defendant to stop calling.

14. Unfortunately, Defendant has continued to place collections calls to Plaintiff at an alarming rate.

15. Defendant continued placing harassing collections calls and pre-recorded messages to Plaintiff, including calls from the phone number (844) 898-4011.

16. In total, Defendant placed no less than 20 phone calls featuring pre-recorded messages to Plaintiff after Plaintiff requested that Defendant cease contact with him.

**DAMAGES**

17. Defendant's harassing phone calls and pre-recorded messages have severely disrupted Plaintiff's everyday life and overall well-being.

18. Defendant's harassing calls and pre-recorded messages have caused Plaintiff damages, including aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and pre-recorded messages, wear and tear to Plaintiff's cellular phone,

temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

19. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20. All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

21. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

22. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

23. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

24. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 20 non-emergency calls and pre-recorded messages, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

4

25. As pled above, Plaintiff revoked consent to be called on his cellular phone.

26. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

27. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

28. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

29. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

30. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

31. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a.   a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

   b.   an award of statutory damages of at least $500.00 for each and every violation;

   c.   an award of treble damages of up to $1,500.00 for each and every violation; and

   d.   an award of such other relief as this Court deems just and proper.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges all previous Paragraphs as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3) because he is an individual.

34. The subject debt is a "debt" as defined by § 1692a(5) as it is an alleged personal debt that was allegedly incurred.

35. Defendant is a "debt collector" as defined by § 1692a(6) because its primary business purpose is the collection of delinquent debts owed to third parties.

36. Defendant violated 15 U.S.C. §§ 1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

    **a.**     **Violations of FDCPA § 1692c**

37. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known, or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

38. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone on multiple occasions.

39. Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing collection calls, which were clearly inconvenient to Plaintiff.

40. Defendant violated § 1692c(a)(1) by placing at least twenty (20) collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

41. Specifically, since Plaintiff did not want *any* calls from Defendant, *any* call placed by Defendant after the initial cease request was placed at a time that Defendant knew was an inconvenient time for Plaintiff.

    **b.**     **Violations of FDCPA § 1692d and d(5)**

42. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

43. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

44. Defendant violated §§ 1692d and d(5) by placing at least twenty (20) collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt after Plaintiff initially requested that the collections calls cease.

45. Defendant's conduct in systematically placing unwanted collection calls to Plaintiff's cellular phone is inherently harassing and abusive.

46. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Defendant had actual knowledge that Plaintiff did not want to be called on his cellular phone.

47. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made multiple requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

    **c.**    **Violations of FDCPA § 1692f**

48. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

49. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair

and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

50. As set forth above, Plaintiff suffered damages as a result of Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.    A judgment in Plaintiff's favor for Defendant's violations of the FDCPA;

    b.    An award of statutory damages in the amount of $1,000.00;

    c.    An award of actual damages;

    d.    An award of reasonable attorney's fees and costs; and

    e.    Any further relief this Court deems just and proper.

**COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

51. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

52. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

53. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

54. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a.    **Violation of Cal. Civ. Code § 1788.11(d)**

55. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

56. Defendant violated § 1788.11(d) the RFDCPA when it continuously called Plaintiff's cellular telephone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite his demands was done with the purpose of annoying Plaintiff into paying the subject debt.

8

57. Moreover, Defendant was told more than once to stop calling Plaintiff's cellular telephone.

58. Defendant disregarded these requests and continued its calls to Plaintiff, with the goal of annoying Plaintiff into paying the subject debt.

    b.    **Violations of Cal. Civ. Code § 1788.11(e)**

59. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

60. Defendant violated § 1788.11(e) the RFDCPA when it continuously called Plaintiff's cellular telephones after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite his demands was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of harassing him.

61. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

62. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular telephone.

63. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this

Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

    **c.**    **Violations of Cal. Civ. Code § 1788.17**

64. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

65. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware that its phone calls were harassing Plaintiff, but yet continued to bombard Plaintiff with collection calls. Defendant's willful and knowing violations of the RFDCPA should trigger this Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b)

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.    Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.    Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c.    Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d.    Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

    e.    Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.    Award any other relief as this Honorable Court deems just and proper.

### COUNT IV – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

66. All paragraphs of this Complaint are incorporated as though fully set forth herein.

67. Generally, to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a Plaintiff must show that another has intentionally intruded, physically or otherwise, upon the Plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person.

68. Defendant's intrusive collection calls to Plaintiff after Plaintiff requested that the calls and pre-recorded messages cease were an intentional intrusion upon Plaintiff's seclusion or solitude.

69. The intrusive unwanted phone and calls pre-recorded messages to Plaintiff would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

70. A reasonable person would find such calls to be highly offensive.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.    A finding that Defendant invaded Plaintiff's privacy by intrusion upon seclusion;

b.    Entry of judgment in Plaintiff's favor and against Defendant for invasion of privacy;

c.    An award of actual damages; and

d.    An award of punitive damages.

### COUNT V – TRESPASS TO CHATTELS

73. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

74. Generally, to establish a cause of action in trespass to a chattel there must be an intentional interference with the possession or physical condition of a chattel in possession of another.

75. Defendant intentionally interfered with the physical condition of Plaintiff's cellular phone by causing it to repeatedly ring after Plaintiff requested that the calls cease, thus temporarily impairing the phone's physical condition.

76. Moreover, as set forth above, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

77. As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. A finding that Defendant trespassed on Plaintiff's chattel (cellular phone);

b. Entry of judgment in Plaintiff's favor and against Defendant for trespass to chattels;

c. An award of actual damages; and

d. An award of punitive damages.

Dated: July 28, 2025            Respectfully submitted,

/s/Alexander J. Taylor
Alexander J. Taylor, Esq.
California Bar No. 332334
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com